JOSEPH B. SETZER AND WIFE, JOAN Q. SETZER v. RONNIE ANNAS

No. 84

(Filed 12 March 1975)

**1. Injunctions § 13— preliminary injunction — showing required**

Ordinarily to justify the issuance of a preliminary injunction it must be made to appear (1) there is probable cause that plaintiff will be able to establish the right he asserts, and (2) there is reasonable apprehension of irreparable loss unless interlocutory injunctive relief is granted or unless interlocutory injunctive relief appears reasonably necessary to protect plaintiff's rights during the litigation.

**2. Injunctions § 13— preliminary injunction — purpose**

The purpose of a preliminary injunction is to preserve the status quo pending trial on the merits.

**3. Appeal and Error § 58— preliminary injunction — review of evidence by court on appeal — findings made by court on appeal**

On appeal from the order of a superior court judge granting or refusing a preliminary injunction, the Supreme Court is not bound by the findings of fact of the hearing judge but may review and weigh the evidence and find the facts for itself; *a fortiori*, the Supreme Court may make its own findings of fact when neither the hearing judge nor the Court of Appeals made any findings of fact.

**4. Easements § 8— grant of way — right to maintain gates across way**

Generally, the grant of a way without reservation of the right to maintain gates does not necessarily preclude the owner of the land from having them; unless it is expressly stipulated that the way shall be an open one or it appears from the terms of the grant or the circumstances that such was the intention, the owner of the servient estate may erect gates across the way if they are constructed so as not to interfere unreasonably with the right of passage.

**5. Injunctions § 13— preliminary injunction — question of defendant's right to do what plaintiffs seek to enjoin — preliminary injunction improper**

A preliminary injunction should not be granted if a serious question exists in respect of the defendant's right to do what the plaintiffs seek to restrain and the granting thereof would work greater injury to the defendant than is reasonably necessary for the protection *pendente lite* of the plaintiffs' rights.

**6. Injunctions § 13; Easements § 8— grant of way — right to maintain gates across way — preliminary injunction improper**

The trial court erred in granting plaintiffs a preliminary injunction prohibiting defendant from obstructing a right-of-way over his property based on the premise that plaintiffs had an unqualified right to the use of the existing roadway without obstruction by fence, gates, or otherwise where the trial court failed to consider the crucial question in respect of defendant's legal right to enclose his land by

Setzer v. Annas

fence and to place gates across the roadway as a part of such enclosure of his property.

Justice HUSKINS dissents.

APPEAL by defendant under G.S. 7A-30(2) from the decision of the Court of Appeals dismissing his appeal from an order of *Falls, J.*, 17 September 1973 Session of the Superior Court of CALDWELL, docketed and argued as Case No. 39, Fall Term 1974.

Plaintiffs and defendant own adjoining tracts of land in Kings Creek Township, Caldwell County, North Carolina. Defendant acquired his tract of 25.6 acres by deed dated 25 September 1967. Plaintiffs acquired their tract of 31 acres by deed dated 17 September 1971.

By deed dated 28 April 1972 James C. Barlow and wife, Sandra B. Barlow, Lona Beaver, widow, and defendant Ronnie Annas and wife, Carolyn Annas, conveyed to plaintiffs, their heirs and assigns, as appurtenant to plaintiffs' land, "a right-of-way and easement for ingress and egress over that existing roadway which runs from the properties of the parties of the second part through the properties of the parties of the first part to State Road No. 1510."

Plaintiffs instituted this action 5 September 1973 to enjoin the obstruction by defendant of the right-of-way and easement "above referred to" and to recover actual and punitive damages. Plaintiffs alleged defendant had "wilfully and maliciously erected two gates across the right-of-way thus severely hindering the plaintiffs in their use of the same"; and that, on 3 September 1973, defendant, "while ordering the plaintiffs to close said gates, maliciously threatened and assaulted them by pointing a gun in their direction." Plaintiffs also alleged that, on 3 September 1973, defendant "wilfully and maliciously" bulldozed across the boundary lines between his property and plaintiffs' property and threatened to continue such bulldozing until he had "leveled a strip of land belonging to plaintiffs approximately sixty feet in width."

A temporary restraining order, signed by Judge Falls on 5 September 1973 without notice to defendant, restrained and enjoined defendant "from obstructing the right-of-way described in the complaint, from threatening and assaulting the plaintiffs, and from continuing to bulldoze the property belonging to the plaintiffs." Plaintiffs gave bond conditioned as prescribed in the

amount of $1,000.00. The order fixed September 17, 1973 in Caldwell Superior Court as the time and place for defendant "to show cause, if any he has, why this order should not be continued until the final judgment in this action."

At the hearing before Judge Falls in Caldwell Superior Court on September 17, 1973 testimony was presented by plaintiffs and by defendant. Reference was made by the witnesses to the drawing offered in evidence as Defendant's Exhibit No. 1, reproduced herewith, which indicates the location of the properties of the several parties to the deed of 28 April 1972.

At the conclusion of the hearing Judge Falls announced he would "continue the restraining order" and directed plaintiffs' counsel to "draw [his] order."

A preliminary injunction signed by Judge Falls on 19 September 1973 recites: "[I]t appears to be the undersigned, upon hearing proofs and allegations offered by both parties, that the plaintiffs are entitled to a Temporary Injunction until the final judgment in this action." It continues and concludes as follows:

"IT IS, THEREFORE, ordered, adjudged and decreed that the defendant be, and he is hereby restrained and enjoined from obstructing the right-of-way and easement of the plaintiffs described in the complaint, from threatening and assaulting the plaintiffs, and continuing to bulldoze the property belonging to the plaintiffs until the final judgment in this action.

"IT IS FURTHER ORDERED that the written undertaking in the sum of $1,000.00 given by the plaintiffs on the 5th day of September 1973, justified and approved by the Clerk of the Superior Court, shall be sufficient."

Defendant appealed to the Court of Appeals. In a two to one decision that court dismissed the appeal. *Setzer v. Annas*, 21 N.C. App. 632, 205 S.E. 2d 553 (1974).

*Fate J. Beal and Dickson Whisnant for plaintiff appellees.*

*Wilson, Palmer and Simmons for defendant appellant.*

SHARP, Chief Justice.

The Court of Appeals held defendant was not deprived of any *substantial* right by the preliminary injunction of 19 Sep-

tember 1973 and therefore had no right under G.S. 1-277 to appeal. Under G.S. 1A-1, Rule 65, the term *preliminary injunction* refers to an interlocutory injunction issued after notice and hearing which restrains a party pending trial on the merits.

[1]   Ordinarily, to justify the issuance of a preliminary injunction it must be made to appear (1) there is probable cause that plaintiff will be able to establish the right he asserts, and (2) there is reasonable apprehension of irreparable loss unless interlocutory injunctive relief is granted or unless interlocutory injunctive relief appears reasonably necessary to protect plaintiffs' rights during the litigation. *Edmonds v. Hall,* 236 N.C. 153, 156, 72 S.E. 2d 221, 223 (1952) ; *Conference v. Creech* and *Teasley v. Creech and Miles,* 256 N.C. 128, 139, 123 S.E. 2d 619, 626 (1962).

[2]   The purpose of a preliminary injunction is to preserve the status quo pending trial on the merits. *Huskins v. Hospital,* 238 N.C. 357, 360, 78 S.E. 2d 116, 119 (1953).

At the hearing on 17 September 1973 the burden was on plaintiffs to establish their right to a preliminary injunction. G.S. 1A-1, Rule 65 (b) ; *Board of Elders v. Jones,* 273 N.C. 174, 182, 159 S.E. 2d 545, 550 (1968).

The majority opinion of the Court of Appeals sets forth in general terms the gist of the evidence offered by plaintiffs and by defendant. Specific evidential facts are set forth in the dissenting opinion.

[3]   On appeal from the order of a superior court judge granting or refusing a preliminary injunction the Supreme Court is not bound by the findings of fact of the hearing judge but may review and weigh the evidence and find the facts for itself. *Huskins v. Hospital, supra* at 362, 78 S.E. 2d at 121; *Conference v. Creech* and *Teasley v. Creech and Miles, supra* at 140, 123 S.E. 2d at 626-627. *A fortiori,* the Supreme Court may make its own findings of fact when, as here, neither the hearing judge nor the Court of Appeals made any findings of fact.

The evidence before the hearing judge strongly supports a finding that the portion of defendant's property within the heavy black lines on Defendant's Exhibit No. 1 was enclosed by fence, and that gates of some type had been erected and were maintained thereon at the points indicated by the letters A and B, on and prior to 28 April 1972; that plaintiffs had knowledge

Setzer v. Annas

DEFENDANT'S EXHIBIT NO. 1

of these conditions; and that these conditions continued without substantial change until the service on defendant of the ex parte temporary restraining order of 5 September 1973. For present purposes, this Court so finds.

As noted in plaintiffs' brief in the Court of Appeals, evidence before the hearing judge "showed that road had been in existence and used as ingress and egress to property of plaintiffs and their predecessors in title since about 1887 and that fences and gates were in place prior to execution by defendant of deed of right-of-way."

Plaintiffs alleged defendant *severely hindered* their use of the right-of-way by the two gates. Plaintiffs contend the easement conveyed by deed of 28 April 1972 vested in them the right to use the "existing roadway" without any interference by fence, gates or otherwise. Seemingly, the hearing judge and the Court of Appeals based decision on this view. Unquestionably, unequivocal acceptance of this view would require dismissal of the appeal on the ground it was frivolous.

However, the crucial question is whether defendant has a legal right to continue to enclose the portion of his property within the heavy black lines on Defendant's Exhibit No. 1 and to maintain gates at A and B. If defendant has such legal right, the preliminary injunction of 19 September 1973 deprived him of a valuable property right during the pendency of the litigation.

Defendant does not challenge plaintiffs' right to use the "existing roadway" as a means of ingress and egress; however, he denies plaintiffs' right to require him to remove the gates at A and B and thereby deprive him of his right to fence his land.

[4] In 25 Am. Jur. 2d, *Easements and Licenses* § 91 (1966), the author states: "Generally, the grant of a way without reservation of the right to maintain gates does not necessarily preclude the owner of the land from having them; unless it is expressly stipulated that the way shall be an open one or it appears from the terms of the grant or the circumstances that such was the intention, the owner of the servient estate may erect gates across the way if they are constructed so as not to interfere unreasonably with the right of passage. In the absence of an express reservation of such right, however, it is the general rule that whether he may erect and maintain gates, bars, or fences across and along the easement of way depends on

the intention of the parties connected with the original creation of the easement, as shown by the circumstances of the case, the nature and situation of the property subject to the easement, and the manner in which the way has been used and occupied. This is a question of fact and is to be determined as such." *Accord,* 28 C.J.S., *Easements* § 98 (b) (1941). Relevant decisions of this Court include *Chesson v. Jordan,* 224 N.C. 289, 29 S.E. 2d 906 (1944), and *Merrell v. Jenkins,* 242 N.C. 636, 89 S.E. 2d 242 (1955).

[5] A preliminary injunction should not be granted if a serious question exists in respect of the defendant's right to do what the plaintiffs seek to restrain and the granting thereof would work greater injury to the defendant than is reasonably necessary for the protection *pendente lite* of the plaintiffs' rights. *Huskins v. Hospital, supra* at 361, 78 S.E. 2d at 120; *Board of Elders v. Jones, supra* at 182, 159 S.E. 2d at 551-552. Where a serious question exists the hearing judge considers the relative conveniences and inconveniences of the parties in determining the propriety of a preliminary injunction and the terms thereof if granted.

[6] The crucial question, whether defendant has a legal right to establish and maintain gates at A and B and, if so, the kind of gates which would be reasonably appropriate, has not been discussed in any of the briefs. Hence, we make no definitive decision in respect thereof. Evidence at trial may bear significantly upon the ultimate decision of this question. For the present, it is sufficient to say it was error to grant the preliminary injunction on the premise that plaintiffs had an *unqualified* right to the use of the "existing roadway" without obstruction by fence, gates or otherwise. We hold that, in failing to consider the crucial question in respect of defendant's legal right to enclose his land by fence and to place gates at A and B, the hearing judge based his decision upon a misapprehension of the applicable law.

Although plaintiffs and defendant testified at the hearing on 17 September 1973, no testimony was offered pertinent to the portion of the temporary injunction relating to assault and the bulldozing of property along the boundary lines.

We have not overlooked appellant's contention that the preliminary injunction is deficient in that it does not meet the requirements of Rule 65 (d) that every injunction or restraining order "shall set forth the reasons for its issuance; shall be

specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts enjoined or restrained; . . . . " However, we deem it unnecessary to discuss the legal effect of the deficiencies in Judge Fall's order granting the preliminary injunction since it is being vacated on another ground.

The decision of the Court of Appeals is reversed, and the cause is remanded to that court with the direction to vacate the preliminary injunction of 19 September 1973 (miscalled *temporary* injunction in Judge Fall's order) and remand the cause to the Superior Court for a *de novo* hearing on plaintiffs' motion for a preliminary injunction. Obviously, the necessity for such further hearing may be avoided by prompt trial on the merits.

Reversed and remanded.

Justices COPELAND and EXUM did not participate in the hearing or decision of this case.

Justice HUSKINS dissents.