DICK PRUITT AND WIFE, STERLING PRUITT v. ARDEL WILLIAMS AND WIFE, MRS. ARDEL WILLIAMS

No. 17

(Filed 7 October 1975)

1. **Injunctions § 12— preliminary injunction — definition**

    The term "preliminary injunction" refers to an interlocutory injunction issued after notice and hearing which restrains a party pending trial on the merits. G.S. 1A-1, Rule 65.

2. **Appeal and Error § 6— appeal from interlocutory order — deprivation of substantial right**

    G.S. 1-277, in effect, provides that no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a *substantial right* which he would lose if the ruling or order is not reviewed before final judgment.

3. **Injunctions § 12— preliminary injunction — requisite for granting**

    To justify the issuance of a preliminary injunction, ordinarily it must be made to appear that (1) there is probable cause that plaintiff will be able to establish the rights which he asserts and (2) there is reasonable apprehension of irreparable loss unless interlocutory injunctive relief is granted or unless interlocutory injunctive relief

Pruitt v. Williams

appears reasonably necessary to protect plaintiff's rights during the litigation.

4. **Injunctions § 12— preliminary injunction — issuance discretionary matter**

To issue or to refuse to issue an interlocutory injunction is usually a matter of discretion to be exercised by the trial court, and the purpose of such preliminary injunction is to preserve the status quo of the subject matter involved until a trial can be had on the merits.

5. **Appeal and Error § 58— review of preliminary injunction — findings of fact not binding**

On an appeal from an order of a superior court judge granting or refusing a preliminary injunction, the Supreme Court is not bound by the findings of fact of the hearing judge, but may review and weigh the evidence and find the facts for itself.

6. **Appeal and Error § 58; Injunctions § 13— obstructing roadway — preliminary injunction — appeal dismissed**

Where the evidence tended to show that a road over defendants' land had been used continuously since 1939 as the primary, and until recently, the sole means of ingress and egress from plaintiffs' property, the road had been used by all types of vehicular traffic and by guests, invitees and business associates of the plaintiffs and their predecessors in title, telephone and power lines had been built beside the road, the meter reader for the local power company used the road, while a new road into their property had recently been built by plaintiffs, it was impassable in inclement weather, plaintiffs had been unable to secure carrier contracts guaranteeing delivery to the bakery located on their property because of the condition of the new road in inclement weather, and in the event of an emergency the old road provided the quickest and safest means of egress, and there was no evidence that showed a reasonable probability that defendants would incur the loss of a substantial right by the granting of the preliminary injunction unless reviewed before final judgment, such evidence was sufficient to support the granting of a preliminary injunction prohibiting defendants from blocking the road, and defendants' appeal from the order granting the preliminary injunction should have been dismissed.

7. **Injunctions § 12; Rules of Civil Procedure § 65— preliminary injunction — statement of reasons for issuance — failure to request findings of fact and conclusions of law**

The trial court complied with the provisions of G.S. 1A-1, Rule 65(d) by setting forth the reasons for its issuance of a preliminary injunction, and the court was not required to make specific findings of fact and conclusions of law absent a request from one of the parties.

APPEAL by defendants under G.S. 7A-30(2) from the decision of the Court of Appeals, reported in 25 N.C. App. 376, 213 S.E. 2d 369 (1975), affirming the order of *Thornburg, J.,*

entered 25 September 1974 in CALDWELL Superior Court, granting plaintiffs a preliminary injunction.

Plaintiffs instituted this action on 22 August 1974 seeking temporary and permanent injunctions restraining defendants from obstructing a road over lands of defendants in which plaintiffs claim a right-of-way by prescription.

In their complaint, plaintiffs allege in pertinent part as follows: By virtue of a conveyance dated 20 September 1973, plaintiffs became owners of a 13.4 acre tract of land in Caldwell County. A portion of the land is farmland, and also contains plaintiffs' residence and a bakery business operated by plaintiffs. A road extends from plaintiffs' property, across defendants' land for approximately 200 feet, and then into a public road. The road across defendants' land has existed for many years and has been used by plaintiffs, their predecessors in title, and the general public for more than twenty years, providing the sole, practical access to plaintiffs' property. If said road is not a public road, plaintiffs have the right to use the road by prescription. On or about 3 July 1974, defendants blocked this road by placing debris on it.

A temporary restraining order was issued on 23 August 1974 and was extended on 28 August and 5 September 1974 ordering defendants to remove the obstruction and to leave the road open for use by plaintiffs and others pending hearing. Defendants filed answer on 10 September 1974 denying all material allegations of plaintiffs' complaint.

Following a hearing an order was entered on 25 September 1974 granting plaintiffs a preliminary injunction requiring defendants to leave the road unobstructed until the final determination of the cause.

On appeal, the Court of Appeals, with Judge Morris dissenting, affirmed the action of the trial court in issuing the preliminary injunction, holding that the trial court's failure to make specific findings of fact and conclusions of law was not error and that the plaintiffs had met the burden of establishing their right to a preliminary injunction. Defendants appealed by reason of the dissent.

Other facts necessary to decision are set out in the opinion.

*Wilson, Palmer and Simmons by George C. Simmons, III, for defendant appellants.*

*No counsel contra.*

MOORE, Justice.

Defendants appeal under G.S. 1-277 from an order entered by Judge Thornburg on 25 September 1974 issuing a preliminary injunction restraining defendants from blocking a road until the final determination of the action.

[1] At the threshold of this appeal, we are confronted with the question of whether an appeal lies from the order of the trial judge granting the preliminary injunction. The term, "preliminary injunction" refers to an interlocutory injunction issued after notice and hearing which restrains a party pending trial on the merits. G.S. 1A-1, Rule 65; *Setzer v. Annas,* 286 N.C. 534, 212 S.E. 2d 154 (1975).

[2] G.S. 1-277, in effect, provides that no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a *substantial right* which he would lose if the ruling or order is not reviewed before final judgment. *Consumers Power v. Power Co.,* 285 N.C. 434, 206 S.E. 2d 178 (1974); *Jenkins v. Trantham,* 244 N.C. 422, 94 S.E. 2d 311 (1956); *Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669 (1951); *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377 (1950).

Thus, G.S. 1-277 serves as a roadblock to appeals from interlocutory orders which do not deprive the appellant of a substantial right. The reason for the rule is more important today, due to the constantly increasing volume of appeals to our appellate courts, than it was when stated by Justice Ervin in 1949:

"There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders. The rules regulating appeals from the Superior Court to the Supreme Court are designed to forestall the useless delay inseparable from unlimited fragmentary appeals, and to enable courts to perform their real function, *i.e.,* to administer 'right and justice . . . without sale, denial, or delay.' N. C.

Const., Art. I, Sec. 35." *Veazey v. Durham, supra,* at 363-64, 57 S.E. 2d at 382.

The first question presented then is whether the evidence discloses that defendants have been deprived of any substantial right which they might lose if the order granting the preliminary injunction is not reviewed before final judgment. Defendants did not offer any evidence. Neither did they allege the loss of any substantial right which might occur if the preliminary injunction was granted. They only denied that plaintiffs had the right to use the road. Apparently, defendants take the position that plaintiffs' evidence does not entitle plaintiffs to injunctive relief, or that the evidence discloses that defendants will indeed lose a substantial right unless the plaintiffs' entitlement to the preliminary injunction is reviewed on appeal prior to the final determination of the action.

[3]   The burden is on the plaintiffs to establish their right to a preliminary injunction. G.S. 1A-1, Rule 65(b) ; *Setzer v. Annas, supra; Board of Elders v. Jones,* 273 N.C. 174, 159 S.E. 2d 545 (1968). To justify the issuance of the preliminary injunction, ordinarily it must be made to appear that (1) there is probable cause that plaintiff will be able to establish the rights which he asserts and (2) there is reasonable apprehension of irreparable loss unless interlocutory injunctive relief is granted or unless interlocutory injunctive relief appears reasonably necessary to protect plaintiff's rights during the litigation. *Setzer v. Annas, supra; Conference v. Creech* and *Teasley v. Creech and Miles,* 256 N.C. 128, 123 S.E. 2d 619 (1962).

[4, 5]   To issue or to refuse to issue an interlocutory injunction is usually a matter of discretion to be exercised by the trial court. Its purpose is to preserve the status quo of the subject matter involved until a trial can be had on the merits. *In re Assignment of Albright,* 278 N.C. 664, 180 S.E. 2d 798 (1971) ; *Huskins v. Hospital,* 238 N.C. 357, 78 S.E. 2d 116 (1953). The issuing court, after weighing the equities, and the advantages and disadvantages to the parties, determines in its sound discretion whether an interlocutory injunction should be granted or refused. The court cannot go further and determine the final rights of the parties, which must be reserved for the final trial of the action. *Telephone Co. v. Plastics, Inc.,* 287 N.C. 232, 214 S.E. 2d 49 (1975) ; *In re Assignment of Albright, supra; Grantham v. Nunn,* 188 N.C. 239, 124 S.E. 309 (1924). On an appeal from an order of a superior court judge granting

or refusing a preliminary injunction, the Supreme Court is not bound by the findings of fact of the hearing judge, but may review and weigh the evidence and find the facts for itself. *Telephone Co. v. Plastics, Inc., supra; Setzer v. Annas, supra; In re Assignment of Albright, supra.*

[6] Plaintiffs' evidence tends to show that the road has been used continuously since 1939 as the primary, and until recently, the sole means of ingress and egress from the plaintiffs' property. The road has been used by all types of vehicular traffic and by guests, invitees and business associates of the plaintiffs and their predecessors in title. Telephone and power lines have been built beside the road, and the meter reader for the local power company has used the road. Further, affidavits and oral testimony tended to show that while a new road into their property was recently built by plaintiffs, it is impassable in inclement weather due to its steep incline and many drop-offs, and for this reason plaintiffs have been unable to secure carrier contracts guaranteeing delivery to the bakery located on their property during inclement weather. Moreover, in the event of an emergency, the old road provides the quickest and safest means of egress.

The trial judge, after hearing the testimony and considering the pleadings, conducted a view of the premises and then entered his order of 25 September 1974, finding:

"1. That the plaintiffs have exhibited a good cause of action and are entitled to have proper issues submitted to a court to determine the matters set forth in the complaint and affidavits.

"2. There is reasonable certainty that the plaintiffs are entitled to the equitable relief sought.

"3. That the status quo in the case at bar consists of the open and unobstructed use of the road in question which road has been recently blocked off by the defendants, and that the failure to restore said status quo would cause immediate and irreparable injury to the plaintiffs.

"4. That to require that the defendants open the road heretofore blocked and to leave said road open and passable pending the outcome of this action would not greatly inconvenience or damage the defendants, but to allow said road to remain blocked pending the outcome of this action would greatly inconvenience and damage the plaintiffs."

Based on these findings, the trial judge then ordered that the road be cleared and that it not be blocked pending the final determination of the cause.

The trial court's findings were amply supported by the evidence, and the findings justified the granting of the preliminary injunction. On the other hand, there is no evidence that shows a reasonable probability that defendants will incur the loss of a substantial right by the granting of the preliminary injunction unless reviewed before final judgment. We hold, therefore, that defendants' appeal from the order granting the preliminary injunction should have been dismissed.

[7]   Defendants further contend, however, that the preliminary injunction is invalid because the trial judge failed to make specific findings of fact based upon the evidence, and failed to make conclusions of law based upon the findings of fact. We agree with the Court of Appeals that these contentions are without merit.

G.S. 1A-1, Rule 65 (d) only requires that an order granting an injunction shall set forth the "reasons for its issuance." This the trial court did. Rule 52 provides, in part, that " . . . findings of fact and conclusions of law are necessary on the granting or denying of a preliminary injunction or any other provisional remedy only when required by statute expressly relating to such remedy or requested by a party." No request was made by defendants for additional findings of fact or additional conclusions of law, and without such request we know of no statute that requires a trial court to make such findings and conclusions in an order granting a preliminary injunction.

Upon this appeal it is not necessary for us to determine whether the road in question is a public road or, if not, whether plaintiffs have the right of ingress and egress over the road by prescription. These and all other issues raised by the pleadings will be determined at the final hearing of the cause. Our ruling dismissing the appeal will have no effect whatever on the rights of the parties when the action is tried on its merits. *Telephone Co. v. Plastics, Inc., supra; Huskins v. Hospital, supra.*

For the reasons stated, the appeal is dismissed and the case is remanded to the Court of Appeals with direction to re-

mand to the Superior Court of Caldwell County for trial on its merits.

Appeal dismissed.