STATE OF NORTH CAROLINA, ex rel. His Excellency, JAMES B. HUNT, JR., Governor of the State of North Carolina; State of North Carolina, ex rel. the Honorable JOHN R. INGRAM, Commissioner of Insurance of the State of North Carolina; and State of North Carolina, ex rel. the Honorable RUFUS L. EDMISTEN, Attorney General of the State of North Carolina; Plaintiffs v. NORTH CAROLINA REINSURANCE FACILITY, NORTH CAROLINA RATE BUREAU, ALLIANZ INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY, AMERICAN AGRICULTURAL INSURANCE CO., AMERICAN AUTOMOBILE INS. CO., AMERICAN BANKERS INS. CO. OF FLA., AMERICAN CASUALTY CO. OF READING, AMERICAN DRUGGISTS' INS. CO., THE AETNA CASUALTY AND SURETY CO., THE AETNA FIRE UNDERWRITERS INS. CO., AETNA INS. CO., AFFILIATED F M INS. CO., AGRICULTURAL INSURANCE COMPANY, AIU INSURANCE COMPANY, ALLIANCE ASSURANCE CO., LIMITED, AMERICAN ECONOMY INSURANCE CO., AMERICAN EMPLOYERS' INS. CO., AMERICAN FIDELITY FIRE INS. CO., AMERICAN FIRE & CASUALTY CO., AMERICAN & FOREIGN INS. CO., AMERICAN GUARANTEE & LIABILITY INS. CO., AMERICAN HARDWARE MUTUAL INS. CO., AMERICAN HOME ASSURANCE COMPANY, AMERICAN INDEMNITY COMPANY, AMERICAN INS. CO., AMERICAN MFGR'S MUTUAL INS. CO. ILL., AMERICAN MOTORISTS INSURANCE CO., AMERICAN MUTUAL FIRE INSURANCE CO., AMERICAN MUTUAL INS., CO. OF BOSTON, AMERICAN MUTUAL LIABILITY INS. CO., AMERICAN NATIONAL FIRE INS. CO., AMERICAN PROTECTION INSURANCE CO., AMERICAN RE-INSURANCE CO. OF DEL., AMERICAN SECURITY INS. CO., AMERICAN STATES INSURANCE COMPANY, AMERICAN UNIVERSAL INS. CO., AMICA MUTUAL INSURANCE COMPANY, ARGONAUT INS. CO., ASSOCIATED GENERAL INSURANCE CO., ASSOCIATED INDEMNITY CORP., ASSURANCE COMPANY OF AMERICA, ATLANTIC INS. CO., ATLANTIC MUTUAL INS. CO., ATLAS ASSURANCE COMPANY OF AMERICA, AUTOMOBILE CLUB INSURANCE COMPANY, AUTOMOBILE INS. CO. OF HARTFORD, BALBOA INSURANCE COMPANY, BANKERS AND SHIPPERS INS. CO. OF NEW YORK, BANKERS STANDARD INSURANCE CO., BELLEFONTE UNDERWRITERS INS. CO., BEACON INSURANCE COMPANY, BIRMINGHAM FIRE INS. CO. OF PA., BITUMINOUS CASUALTY CORP., BITUMINOUS FIRE & MARINE INS. CO., BOSTON-OLD COLONY INS. CO., CALVERT FIRE INSURANCE COMPANY, CANAL INS. CO., CAROLINA CASUALTY INS. CO., CARRIERS INS. CO., CAVALIER INS. CORP., CENTENNIAL INS. CO., CENTRAL MUTUAL INS. CO., CENTRAL NAT'L INS. CO. OF OMAHA, CENTURY INDEMNITY CO., CHARTER OAK FIRE INS. CO., CHICAGO INSURANCE COMPANY, CHURCH MUTUAL INSURANCE COMPANY, CIMARRON INS. CO., INC., CINCINNATI INSURANCE COMPANY, COLONIAL PENN FRANKLIN INS. CO., COLONIAL PENN INSURANCE COMPANY, COMMERCE & INDUSTRY INS. CO., COMMERCIAL INS. CO. OF NEWARK, N.J., COMMERCIAL UNION INSURANCE CO., THE CONNECTICUT INDEMNITY CO., CONSOLIDATED AMERICAN INS. CO., CONTINENTAL CASUALTY CO., CONTINENTAL INS. CO., CONTINENTAL REINSUR-

ANCE CORP. COTTON STATES MUTUAL INS. CO., COVINGTON MUTUAL INSURANCE COMPANY, CRITERION INSURANCE COMPANY, CUMIS INSURANCE SOCIETY, INC., DRAKE INSURANCE COMPANY OF N.Y., ELECTRIC INSURANCE COMPANY, ELECTRIC MUTUAL LIABILITY INS. CO., EMCASCO INSURANCE COMPANY, EMMCO INSURANCE COMPANY, EMPIRE FIRE & MARINE INS. CO., EMPLOYERS CASUALTY COMPANY, EMPLOYERS FIRE INS. CO., EMPLOYERS MUTUAL CASUALTY CO., EMPLOYERS MUTUAL LIABILITY INS. CO. OF WIS., EMPLOYERS REINSURANCE CORP., EQUITABLE FIRE INSURANCE CO., EQUITABLE GENERAL INSURANCE CO., EXCALIBUR INSURANCE COMPANY, FARMERS INS. EXCHANGE, FEDERAL INSURANCE COMPANY, FEDERAL KEMPER INSURANCE COMPANY, FEDERATED MUTUAL INSURANCE CO., FIDELITY & CASUALTY CO. OF NEW YORK, FIDELITY AND GUARANTY INS. CO., FIDELITY & GUARANTY INS. UNDERWRITERS, INC., FIREMAN'S FUND INSURANCE COMPANY, FIREMAN'S INS. CO. OF NEWARK, N.J., FIRST GENERAL INSURANCE COMPANY, FIRST OF GEORGIA INSURANCE CO., FIRST NAT'L INS. CO. OF AMERICA, FOREMOST INS. CO. GRAND RAPIDS MICH., FORUM INSURANCE COMPANY, GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORP., LTD., GENERAL INS. CO. OF AMERICA, GENERAL REINSURANCE CORPORATION, THE GLENS FALLS INSURANCE CO., GLOBE INDEMNITY CO., GOVERNMENT EMPLOYEES INS. CO., GRAIN DEALERS MUTUAL INS. CO., GRANITE STATE INS. CO., GREAT AMERICAN INSURANCE COMPANY, GREATER NEW YORK MUTUAL INS. CO., GREAT WEST CASUALTY COMPANY, GULF INSURANCE COMPANY, HANOVER INSURANCE COMPANY, N.H., HANSECO INSURANCE COMPANY, HARBOR INSURANCE COMPANY, HARCO NATIONAL INSURANCE COMPANY, HARFORD MUTUAL INS. CO., HARLEYSVILLE MUTUAL INS. CO., HARTFORD ACCIDENT & INDEMNITY CO., HARTFORD CASUALTY INSURANCE CO., HIGHLANDS INS. CO., HOLYOKE MUTUAL INS. CO. IN SALEM, HOME INDEMNITY COMPANY, HOME INS. CO., INS. CO. OF NORTH AMERICA, THE INSURANCE CO. OF THE STATE OF PENNSYLVANIA, INTEGON GENERAL INSURANCE CORP., INTEGON INDEMNITY CORPORATION, INTEGRITY INSURANCE COMPANY, INTERNATIONAL INSURANCE COMPANY, IOWA MUTUAL INS. CO., IOWA NAT'L MUTUAL INS. CO., HORACE MANN INSURANCE COMPANY, IDEAL MUTUAL INS. CO., INA REINSURANCE COMPANY, INA UNDERWRITERS INSURANCE CO., INDEMNITY INS. CO. OF NORTH AMERICA, INDIANA LUMBERMENS MUTUAL INS. CO., INDUSTRIAL INDEMNITY CO., JEFFERSON INSURANCE COMPANY OF N.Y., JEFFERSON PILOT FIRE & CAS. CO., JOHN DEERE INSURANCE COMPANY, KANSAS CITY FIRE & MARINE INS. CO., KEMPER SECURITY INSURANCE CO., LIBERTY MUTUAL FIRE INS. CO., LIBERTY MUTUAL INS. CO., LONDON GUARANTEE & ACC. CO. N.Y., LUMBERMENS UNDERWRITING ALLIANCE, LUMBERMENS MUTUAL CASUALTY CO., LUMBERMENS MUTUAL INS. CO., MARYLAND CASUALTY CO., MASSACHUSETTS BAY INS. CO., MERCHANTS MUTUAL INS. CO., METROPOLITAN PROPERTY AND LIABILITY INS. CO., MICHIGAN MILLERS

Hunt v. Reinsurance Facility

MUTUAL INS. CO., MICHIGAN MUTUAL INSURANCE COMPANY, MIDDLESEX INSURANCE COMPANY, MIDLAND INSURANCE COMPANY, MEAD REINSURANCE CORPORATION, MIDWEST MUTUAL INS. CO., MILLERS NATIONAL INS. CO., MINNEHOMA INSURANCE COMPANY, MISSION INSURANCE COMPANY, MONARCH INS. CO. OF OHIO, MONTGOMERY MUTUAL INSURANCE CO., MOTOR CLUB OF AMERICA INS. CO., MOTORS INS. CORP., NATIONAL AM. INSURANCE CO. OF N.Y., NAT'L BEN FRANKLIN INS. CO. OF ILL., NATIONAL FIRE INS. CO. OF HARTFORD, NATIONAL GENERAL INSURANCE COMPANY, NAT'L INDEMNITY CO., NATIONAL INSURANCE UNDERWRITERS, NATIONAL SURETY CORPORATION, NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA., NATIONWIDE MUTUAL FIRE INS. CO., NATIONWIDE MUTUAL INSURANCE CO., NEWARK INS. CO., NEW HAMPSHIRE INS. CO., NEW SOUTH INS. CO., NEW YORK UNDERWRITERS INS. CO., NIAGARA FIRE INS. CO., NORTHBROOK PROPERTY AND CASUALTY INSURANCE CO., N.C. FARM BUREAU MUTUAL INS. CO., NORTH RIVER INSURANCE COMPANY, NORTHERN ASSURANCE CO. OF AMERICA, NORTHERN INS. CO. OF NEW YORK, NORTHWESTERN NAT'L CASUALTY CO., NORTHWESTERN NATIONAL INS. CO., OCCIDENTAL FIRE & CAS. CO. OF N.C., OHIO CASUALTY INS. CO., OHIO FARMERS INSURANCE COMPANY, OLD GENERAL INSURANCE COMPANY, OLD REPUBLIC INS. CO., OMAHA INDEMNITY COMPANY, PACIFIC EMPLOYERS INS. CO., PACIFIC INDEMNITY COMPANY, PEERLESS INS. CO., PENINSULAR FIRE INSURANCE COMPANY, PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, PENNSYLVANIA MILLERS MUT. INS. CO., PENNSYLVANIA NAT'L MUT. CASUALTY INS. CO., PETROLEUM CASUALTY COMPANY, PHOENIX ASSURANCE CO. OF NEW YORK, PHOENIX INSURANCE CO., PLANET INS. CO., POTOMAC INS. CO., PREFERRED INSURANCE COMPANY, PREMIER INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, PROPRIETORS' INSURANCE COMPANY, PROTECTIVE INS. CO., PROVIDENCE WASHINGTON INS. CO., PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, PUBLIC SERVICE MUTUAL INS. CO., PURITAN INSURANCE COMPANY, RELIANCE INS. CO., ROYAL GLOBE INSURANCE COMPANY, ROYAL INDEMNITY CO., SAFECO INS. CO. OF AMERICA, SAFEGUARD INS. CO., ST. PAUL FIRE & MARINE INS. CO., ST. PAUL GUARDIAN INSURANCE CO., ST. PAUL MERCURY INS. CO., THE SEA INSURANCE COMPANY, LTD, SECURITY INS. CO. OF HARTFORD, SECURITY MUTUAL CASUALTY COMPANY, SELECT INSURANCE COMPANY, SENTRY INDEMNITY COMPANY, SENTRY INSURANCE A MUTUAL CO., SHELBY MUTUAL INSURANCE OF SHELBY, OHIO, SHIELD INSURANCE COMPANY, SOUTH CAROLINA INS. CO., SOUTHERN FIRE & CASUALTY CO., TENN., SOUTHERN HOME INS. CO., STANDARD FIRE INS. CO., STANDARD GUARANTY INSURANCE CO., STATE AUTOMOBILE MUTUAL INS. CO., STATE CAPITAL INS. CO., STATE FARM FIRE & CASUALTY CO., STATE FARM MUTUAL AUTOMOBILE INS. CO., SUN INSURANCE OFFICE, LTD., SUPERIOR INSURANCE COMPANY, SUBSCRIBERS AT CASUALTY RECIPROCAL EXCHANGE, TEACHERS INSUR-

Hunt v. Reinsurance Facility

ANCE COMPANY, TOKIO MARINE AND FIRE INS. CO., LTD., TRANS-AMERICA INSURANCE COMPANY, TRANS-CONTINENTAL INS. CO., TRANSIT CASUALTY COMPANY, TRANSPORT INDEMNITY CO., TRANSPORT INS. CO., TRANSPORTATION INSURANCE COMPANY, TRAVELERS INDEMNITY CO., TRAVELERS INDEMNITY CO. OF AM., TRAVELERS INDEMNITY CO. OF R.I., TRAVELERS INSURANCE CO., TWIN CITY FIRE INS. CO., TRUCK INS. EXCHANGE, UNIGARD INDEMNITY COMPANY, UNIGARD INSURANCE COMPANY, UNIGARD MUTUAL INSURANCE CO., UNITED PACIFIC INSURANCE COMPANY, UNITED STATES FIDELITY & GUARANTY, UNITED STATES FIRE INS. CO., UNITED STATES LIABILITY INS. CO., UNIVERSAL UNDERWRITERS INS. CO., USAA CASUALTY INSURANCE COMPANY, UNITED SERVICES AUTOMOBILE ASSN., UTICA MUTUAL INS. CO., VALIANT INSURANCE COMPANY, VALLEY FORGE INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, VIRGINIA MUTUAL INS. CO., VIRGINIA SURETY COMPANY, INC., WAUSAU UNDERWRITERS INS. CO., WEST AMERICAN INSURANCE COMPANY, WESTCHESTER FIRE INS. CO., THE WESTERN CASUALTY & SURETY CO., THE WESTERN FIRE INSURANCE CO., WESTFIELD INS. CO., YOSEMITE INSURANCE COMPANY, ZURICH INSURANCE COMPANY, DE-FENDANTS

No. 8010SC422
(Filed 21 October 1980)

1. **Declaratory Judgments § 4.3; Insurance § 79.1– imposition of surcharges on automobile insurance – standing of Governor to seek declaratory judgment**

The Governor had standing to seek a declaratory judgment as to the legality of action by the Board of Governors of the N.C. Reinsurance Facility imposing surcharges on automobile liability insurance coverages ceded to the Reinsurance Facility to recoup past Facility losses and on all automobile liability coverages to recoup anticipated losses on ceded "clean risks" without filing such surcharges with the Commissioner of Insurance pursuant to G.S. 58-124.20.

2. **Insurance § 79.1– automobile liability insurance – recoupment surcharges – rates – necessity for filing – preliminary injunction**

Surcharges on automobile liability insurance coverages ceded to the N.C. Reinsurance Facility to recoup past Facility losses and on all automobile liability coverages to recoup anticipated losses on ceded "clean risks" constituted rates which were subject to the filing and review requirements of G.S. 58-124.20 and G.S. 58-124.21; furthermore, plaintiffs were entitled to a preliminary injunction requiring the N.C. Reinsurance Facility, the N.C. Rate Bureau, and all member companies to file such surcharges with the Commissioner of Insurance pursuant to G.S. 58-124.20 since, if the surcharges are not so filed and reviewed, persons who pay the surcharges will be denied the protection of the laws, may not be able to recover any excessive charges paid by them, and will therefore suffer irreparable loss should plaintiffs prevail on the merits.

Judge HEDRICK dissenting.

APPEAL by plaintiffs from *Braswell, Judge.* Order entered 26 February 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 28 August 1980.

Plaintiffs, the Governor, the Commissioner of Insurance and the Attorney General of North Carolina, brought an action for a declaratory judgment against the North Carolina Reinsurance Facility, the North Carolina Rate Bureau and all member insurance companies, alleging the illegality of defendants' plan to charge and collect from motor vehicle insurance policyholders premium surcharges in addition to the regular insurance premiums. Pending final judgment on the merits, plaintiffs moved for a preliminary injunction to restrain defendants from collecting the premium surcharges. It is the trial court's denial of this motion for a preliminary injunction that plaintiffs have appealed to this Court.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., and Hunter, Wharton & Howell, by Lane Wharton, Jr., for the plaintiffs.*

*Allen, Steed and Allen, P.A., by Arch T. Allen, III, and Charles D. Case, for defendants Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, New York Underwriters Insurance Company, and Twin City Fire Insurance Company.*

*Bailey, Dixon, Wooten, McDonald & Fountain, by J. Ruffin Bailey and Gary S. Parsons, for defendants American Automobile Insurance Company, American Insurance Company, Associated Indemnity Corporation, Fireman's Fund Insurance Company, and National Security Corporation.*

*Broughton, Wilkins & Crampton, by J. Melville Broughton, Jr., and Charles P. Wilkins, for defendants Nationwide Mutual Fire Insurance Company, Nationwide Mutual Insurance Company, and N.C. Farm Bureau Mutual Insurance Company.*

*Johnson, Patterson, Dilthey & Clay, by Grady S. Patterson, Jr., and D. James Jones, Jr., for defendants American Fire and Casualty Company, Ohio Casualty Company, Utica Mutual Insurance Company, Virginia Mutual Insurance Company, Carolina Casualty Insurance Company, and West American Insurance Company.*

*Jordan Law Offices, by John R. Jordan, Jr., and Robert R. Price, for defendants American Manufacturers Mutual Insurance Company, American Motorists Insurance Company, American Protection Insurance, Federal Kemper Insurance Company, Kemper Security Insurance Company, and Lumbermens Mutual Casualty Company.*

*Manning, Fulton & Skinner, by Howard E. Manning and John B. McMillan, for defendants Allstate Indemnity Company, Allstate Insurance Company, Northbrook Fire and Casualty Company, State Farm Fire and Casualty Company, State Farm Mutual Automobile Insurance Company.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Henry A. Mitchell, Jr., and R. Marks Arnold, for defendants The Aetna Casualty and Surety Company, Automobile Insurance Company of Hartford, Bankers Standard Insurance Company, The Connecticut Indemnity Company, Horace Mann Insurance Company, Insurance Company of North America, INA Reinsurance Company, INA Underwriters Insurance Company, Indemnity Insurance Company of North America, Pacific Employers Insurance Company, Security Insurance Company of Hartford, Standard Fire Insurance Company, and Teachers Insurance Company.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Walter L. Hannah, for defendant Peerless Insurance Company.*

*Hudson, Petree, Stockton, Stockton & Robinson, by James H. Kelly, Jr., for defendant First General Insurance Company.*

*Young, Moore, Henderson & Alvis, by Charles H. Young, Jr., for remaining defendant insurance companies.*

WELLS, Judge.

The factual context of this case centers around the statutory requirement for liability insurance coverage for all licensed motor vehicles (The Vehicle Financial Responsibility Act of 1957, G.S. 20-309) and the insurance industry's reluctance to insure all drivers. The North Carolina Reinsurance Facility (hereinafter Facility) was created to provide motor vehicle insurance to those eligible risk applicants that insurance companies would not voluntarily insure. *See* Article 25A of Chapter 58 of the General Statutes. When an insurance company agent

determines that an applicant for insurance is an unacceptable risk, the agent will "cede" the risk to the Facility. G.S. 58-248.31(a) mandates that all insurance companies that write motor vehicle insurance in North Carolina must be members of the Facility and must share equitably the cost of the Facility. "Cession" transfers the risk of loss from the individual insurer to all insurers through the operation of the Facility. G.S. 58-248.26(1). The decision to cede an applicant is made unilaterally by each insurance company. G.S. 58-248.35. *See Comr. of Insurance v. Rate Bureau,* 300 N.C. 381, 269 S.E. 2d 547 (1980).

The trial court found that the Facility has lost substantial amounts of money. The statutory scheme allows the Facility to set rates "on an actuarially sound basis ... calculated, insofar as is possible, to produce neither a profit nor a loss." G.S. 58-248.33(1). Pursuant to the statute, Facility losses are potential losses to the member insurance companies. G.S. 58-248.26(1) provides that the risk of loss for ceded insureds is transferred to all insurers, and G.S. 58-248.34(e) requires that the Facility's plan of operation shall provide for "the preliminary assessment of all members for initial expenses necessary to commence operations ... [and] the assessment of members if necessary to defray losses and expenses ... [and for] the recoupment of losses sustained by the Facility ... ." Regarding such losses, G.S. 58-248.34(f) provides that "every member shall, following payment of any pro rata assessment, commence recoupment of that assessment by way of an identifiable surcharge on motor vehicle insurance policies issued by that member or through the Facility until the assessment has been recouped."

Within this statutory framework, the defendants Facility and Rate Bureau determined that an 18.6 percent surcharge applied to Facility insureds was necessary to recoup the past Facility losses and that a 1.1 percent surcharge applied to all insureds, ceded and nonceded, was necessary to recover anticipated losses due to the artificially low rates required by statute for ceded "clean risks". G.S. 58-248.33(1). The genesis of the action before us was the order of the Board of Governors of the Facility for the defendant companies to charge and collect the two recoupment surcharges as part of the cost of motor vehicle insurance coverage, without filing the surcharges and supplemental information with the Commissioner of Insurance.

North Carolina's file and use system of insurance rate-making allows the Rate Bureau (G.S. 58-124.17) and the Facility (G.S. 58-248.33(1)) to establish rates based on specified factors. G.S. 58-124.19; Note, 56 N.C.L. Rev. 1084 (1978). Although such rates are effective immediately, the rates and supplemental information must be filed with the Commissioner of Insurance within ninety days (G.S. 58-124.20) to enable the Commissioner to review the rate's compliance with the applicable statutes (G.S. 58-124.21). Plaintiffs brought this action to establish that recoupment surcharges are not exempted from the filing requirements, and to prevent defendants from charging such surcharges in violation of statutory procedures for rate-setting.

[1] At the threshold, defendants challenge the standing of the Governor as a real party in interest in this action and have cross-appealed from the trial court's denial of their motion to dismiss the Governor as a party plaintiff. Defendants do not challenge the standing of the Commissioner of Insurance or of the Attorney General as parties.

Since the original enactment of the Declaratory Judgment Act, G.S. 1-253, *et seq.*, our appellate courts have declared repeatedly that it is to be given a liberal and generous application. The touchstone of the Act is the presence of a justiciable controversy, where the pleadings demonstrate a real controversy and the need for a declaration of rights. Whether the plaintiff is necessarily the person entitled to the declaration or whether the plaintiff is entitled to the declaration in accordance with his theory is not the determinative factor in resolving the question as to whether the action may be prosecuted. *Walker v. Charlotte*, 268 N.C. 345, 347-48, 150 S.E. 2d 493, 495 (1966). There is no question that in the case *sub judice* the complaint sets out a justiciable controversy. We believe that the Governor's constitutional powers, duties, and obligations to the people of North Carolina generally — obviously including that significant class of citizens who are compelled to obtain automobile liability insurance in order to use the public roads and highways of the State — constitutes significant interest in the controversy generated by the action of the Board of Governors of the Facility sufficient to give the Governor standing to seek a declaration as to the legality of their action. *See Kornegay v. City of*

*Raleigh*, 269 N.C. 155, 152 S.E. 2d 186 (1967); *Shaw v. City of Asheville*, 269 N.C. 90, 152 S.E. 2d 139 (1967).

[2] We now consider whether plaintiffs have established that they are entitled to injunctive relief. In order for plaintiffs to establish their right to a preliminary injunction, they must show (1) a likelihood of success on the merits of their case, and (2) that they are likely to sustain irreparable loss unless interlocutory injunctive relief is granted or unless interlocutory injunctive relief appears reasonably necessary to protect plaintiffs' rights during the litigation. *Investor's, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E. 2d 566, 574 (1977); *Waff Bros., Inc. v. Bank*, 289 N.C. 198, 204-5, 221 S.E. 2d 273, 277 (1976); *Pruitt v. Williams*, 288 N.C. 368, 372, 218 S.E. 2d 348, 351 (1975); *Williams v. Greene*, 36 N.C. App. 80, 85, 243 S.E. 2d 156, 159-60 (1978), *disc. rev. denied*, 295 N.C. 471, 246 S.E. 2d 12 (1978). The purpose of a preliminary injunction is to preserve the *status quo* of the subject matter involved until a trial can be had on the merits. The trial court cannot go further and determine the final rights of the parties, which must be reserved for final trial of the action. *Pruitt v. Williams, supra*, at 372.

In passing on the validity of the order of the trial court denying plaintiffs' injunctive relief, we are not bound by the findings of the trial court, but we may review the evidence and make our own findings. *Pruitt v. Williams, supra*, at 373, and cases cited therein. Our review of the evidence before the trial court convinces us that plaintiffs are entitled to limited injunctive relief in this case. We do not agree with plaintiffs' position that defendants should be enjoined from collecting the surcharges pending final determination on the merits. We do agree with plaintiffs' position that defendants should be required to file the surcharges in order that they may be reviewed by the Commissioner, and if appropriate by the courts, as is required under the provisions of G.S. 58-248.33(1) and G.S. 248.34(d). If the surcharges are not so filed and reviewed, it is our opinion, and we so hold, that those persons who pay the surcharges would be denied the protection of the laws, may not be able to recover any excessive charges paid by them and would therefore suffer irreparable loss should plaintiffs prevail on the merits.

We are also of the opinion that to this extent — *i.e.*, that the surcharges must be filed — plaintiffs are likely to succeed on the merits. The key question in this respect is whether the surcharges are rates, as that term is commonly understood and is used throughout Chapter 58 of the General Statutes. We believe that question should be answered in the affirmative. Defendants' argument to the contrary, adopted by the trial court, is hinged upon a single sentence found at the end of G.S. 58-248.34(f). Subsection (f) provides for a scheme of recoupment by member companies of assessments paid by them to the Facility under the plan of operations. The disputed sentence is as follows: "The amount of recoupment shall not be considered or treated as premium for any purpose." Defendants argue that this sentence means that the surcharges, being the companies' instruments of recoupment of assessment paid, are not rates, and hence not subject to the provisions of G.S. 58-248.33(1) and 58-248.34(d). As we read the entire enactment, it is clear that the General Assembly intended that all rates and charges promulgated by the Rate Bureau or the Facility would be subject to the filing and review requirements of the statute. In the context of the entire scheme, recoupment surcharges are to be based on premiums charged in policies reinsured by the Facility, and the disputed sentence therefore serves the purpose of keeping the surcharges separate and apart — in a separate pot — from the premiums themselves, and no more.

We hold that plaintiffs are entitled to an order of the trial court requiring the defendants to file the disputed surcharges with the Commissioner for his review pending the final determination of this action on the merits. That portion of the trial court's order denying plaintiffs' motion to enjoin the collection of the disputed surcharges *pendente lite* is affirmed. That portion of the trial court's order denying plaintiffs' motion that defendants be required to file the disputed surcharges with the Commissioner of Insurance is reversed. The order of the trial court is so modified and this action is remanded for an order consistent with this opinion.

Modified and remanded.

Judge ERWIN concurs.

Judge HEDRICK dissents.

Judge HEDRICK dissenting:

In my opinion, the appeal should be dismissed since it is from the denial of a preliminary injunction, and no substantial right of the plaintiffs' will be lost if the appeal is not determined before a final hearing on the merits. *Pruitt v. Williams,* 288 N.C. 368, 218 S.E. 2d 348 (1975).