CAREFREE CAROLINA COMMUNITIES, INC., JOHN B. RICHARD AND WIFE, WILDA L. RICHARD; JEFFREY K. PORTMAN AND WIFE, MARGARET PORTMAN; AND ROBERT FRICKHOEFFER AND WIFE, KAY FRICKHOEFFER v. ROBERT S. CILLEY, TRUSTEE; NC-GA, INC., AND BREVARD FEDERAL SAVINGS & LOAN ASSOCIATION

No. 8529SC1152

(Filed 18 March 1986)

**Partnership § 3; Mortgages and Deeds of Trust § 1— profit sharing—no partnership—foreclosure proceeding not enjoined**

The trial court did not err in denying plaintiffs' motion for preliminary injunction and allowing foreclosure to proceed where plaintiffs contended that the agreements between plaintiffs and defendants created a partnership rather than a mortgagee-mortgagor relationship and defendants therefore could not foreclose on plaintiffs, but the evidence tended to show that defendants' share in plaintiffs' profits was "additional interest," thus negating the inference that one who shares in the profits from a business is a partner, and the parties' "Option to Purchase and Contract to Purchase" explicitly stated that their dealings did not constitute a partnership. N.C.G.S. § 59-37(4).

APPEAL by plaintiffs from *Friday, Judge.* Order denying preliminary injunction entered 17 May 1985 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 12 March 1986.

Plaintiffs filed an action to enjoin foreclosure on real property. Plaintiffs contend that the option contract, contract to purchase and note entered into between plaintiffs and defendants created a partnership relationship rather than a mortgagee-mortgagor relationship. Plaintiffs point to several provisions in

the contracts between plaintiffs and defendants in support of their contention that a partnership exists:

1) Defendants have the right to approve all work and construction on the real property until the loan is paid.

2) ". . . [S]o long as the financial interest and community image of [defendants] are protected, [defendants agreed] to do everything in their power subject to good business practices to assist and further the successful development by [plaintiffs] of the tract of land . . . ."

3) Plaintiffs agreed not to finalize any phased annexation of more than twenty-five acres at a time until the loan is paid.

4) Plaintiffs, their heirs and assigns agreed to obtain all construction loans from defendants.

5) Defendants agreed to provide a sales promotion office for plaintiffs free of charge.

6) Defendants agreed to pay plaintiffs' attorney fees for closing and plaintiffs' costs of accounting until the loan was paid.

7) In addition to 11% interest for the first five years of the loan and 12½% interest for the last five years of the loan, plaintiffs agreed to pay defendants 15% of the net profit from sales during the first five years of the loan and 10% of the net profit during the last five years of the loan.

From an order denying preliminary injunction, plaintiffs appealed.

*Shuford, Best, Rowe, Brondyke & Orr, by James Gary Rowe, for plaintiffs, appellants.*

*Ladson F. Hart for defendants, appellees.*

HEDRICK, Chief Judge.

We note at the outset that an appeal from an order granting or denying a preliminary injunction is interlocutory. *Pruitt v. Williams*, 288 N.C. 368, 218 S.E. 2d 348 (1975). Absent a showing that a substantial right will be lost unless the order is reviewed

before final judgment, an appeal from the order should be dismissed. *Id.* However, in order to expedite decision in the public interest, we elect to suspend the rules regarding interlocutory appeals and review the appeal on its merits. N.C. Rules of Appellate Procedure, Rule 2.

The sole issue on this appeal is whether the trial court erred in denying plaintiffs' motion for preliminary injunction and allowing foreclosure to proceed. Ordinarily, to justify issuing a preliminary injunction, the movant must show (1) there is probable cause to believe that plaintiff will be able to establish the right he asserts, and (2) there is reasonable apprehension of irreparable loss unless interlocutory injunctive relief is granted or unless interlocutory injunctive relief appears reasonably necessary to protect plaintiff's rights during the litigation. *Setzer v. Annas*, 286 N.C. 534, 212 S.E. 2d 154 (1975). The decision to issue or not to issue a preliminary injunction is usually a matter of discretion to be exercised by the trial judge and will not be overturned absent a showing of an abuse of discretion. *Pruitt v. Williams*, 288 N.C. 368, 218 S.E. 2d 348 (1975).

Plaintiffs contend that the agreements between plaintiffs and defendants create a partnership and that therefore defendants may not foreclose on plaintiffs. We disagree.

"A partnership is an association of two or more persons to carry on as co-owners a business for profit." G.S. 59-36. As our Supreme Court has stated:

> "A contract express or implied, is essential to the formation of a partnership. . . . Partnership is a legal concept but the determination of the existence or not of a partnership, as in the case of a trust, involves inferences drawn from an analysis of 'all the circumstances attendant on its creation and operation.'"

> Not only may a partnership be formed orally, but "it may be created by the agreement or conduct of the parties, either express or implied. . . ."

*Eggleston v. Eggleston*, 228 N.C. 668, 674, 47 S.E. 2d 243, 247 (1948) (citations omitted).

Plaintiffs rely heavily on the fact that defendants were to share in plaintiffs' profits as "additional interest." G.S. 59-37(4) provides:

> The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:
>
> . . .
>
> d. As interest on a loan, though the amount of payment vary with the profits of the business.

The profit sharing provisions of the relationship between plaintiffs and defendants fit squarely within G.S. 59-37(4)(d). See *McGurk v. Moore*, 234 N.C. 248, 67 S.E. 2d 53 (1951). The other unusual contract provisions plaintiffs rely upon merely help secure defendants' $1,942,500.00 loan exposure. Furthermore, the "Option to Purchase and Contract to Purchase" explicitly states that:

> The parties mutually agree, understand and covenant that this contract and the sale of the property and the attendant financing, purchase, development and construction does not constitute a partnership between the Parties of the first part, their successors and assigns, and Parties of the second part, their heirs, successors and assigns, as Parties of the first part are acting only as financiers and lenders and the Parties of the second part are acting as purchasers and developers and any phraseology and terminology in any portion of this contract which might tend to indicate to the contrary is not intended nor shall it be interpreted as such as no partnership was ever contemplated and will ever exist within the law or in equity. . . .

The plaintiffs failed to show probable cause to believe that they will be able to establish the partnership rights they assert. Therefore, the trial court did not err in denying a preliminary injunction and allowing foreclosure to proceed. The order appealed from is affirmed.

Affirmed.

Judges WELLS and MARTIN concur.