CAREFREE CAROLINA COMMUNITIES, INC., JOHN B. RICHARD AND WIFE, WILDA L. RICHARD, JEFFREY K. PORTMAN AND WIFE, MARGARET PORTMAN; AND ROBERT FRICKHOEFFER AND WIFE, KAY FRICKHOEF-FER v. ROBERT S. CILLEY, TRUSTEE; NC-GA, INC., AND BREVARD FEDERAL SAVINGS & LOAN ASSOCIATION

No. 8729SC287

(Filed 19 July 1988)

**Partnerships § 3; Mortgages and Deeds of Trust § 1— partnership—action for accounting and to enjoin foreclosure—summary judgment improper**

　　Summary judgment was improperly granted for defendants in an action in which plaintiffs alleged that defendants were their partners in developing encumbered land but wrongfully hindered development where the trial court based its summary judgment decision on the previous appeal of a denial of plaintiffs' motion for a preliminary injunction, which had no application to this question, and the only materials considered by the court were sharply conflicting pleadings which raised several issues of material fact.

APPEAL by plaintiffs from *Beaty, Judge.* Order entered 14 November 1986 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 1 October 1987.

*Shuford, Best, Rowe & Brondyke, by James Gary Rowe, for plaintiff appellants.*

*Ladson F. Hart, Robert S. Cilley and Cecil J. Hill for defendant appellees.*

PHILLIPS, Judge.

In their complaint plaintiffs allege, in substance, that they are entitled to an accounting from the defendants, to have them enjoined from foreclosing on 319.29 acres of land covered by two deeds of trust, and to recover damages from the corporate defendants because they were partners of the corporate plaintiff in developing the encumbered land and wrongfully hindered the development in violation of their partnership duties and G.S. 75-1, *et seq*. Defendants in their answers denied the material allegations in the complaint and counterclaimed on various grounds, which plaintiffs denied in their replies. Plaintiffs' motion for a preliminary injunction was denied and in an earlier appeal to this Court that order was affirmed. Upon the return of the case to the trial court defendants moved for summary judgment under the provisions of Rule 56, N.C. Rules of Civil Procedure, and after a hearing an order was entered dismissing plaintiffs' remaining claims. The stated basis for the order was as follows:

> During the hearing, the court considered said Defendants' Motion, Plaintiffs' verified complaint, and Defendants' verified Answer and Counterclaim. . . . Neither party . . . served affidavits . . . .
>
> . . . [A]fter considering applicable North Carolina law including *CAREFREE CAROLINA COMMUNITIES, INC. ET AL, v ROBERT S. CILLEY, TRUSTEE, ET AL*, 79 NC App 742, 340 SE 2d 529 (1986), cert. den. 316 NC 374, 342 SE 2d 891 (1986), and it having been made to appear to the court that there is no genuine issue as to any material fact and that the Defendants, Brevard Federal Savings and Loan Association and NC-GA, Inc. are entitled to judgment as a matter of law as to Plaintiffs' Complaint.

The order has no proper basis and is clearly erroneous for two reasons. *First*, the decision in the previous appeal has no application whatever to the question raised by this appeal. Contrary to the defendants' argument and the impressions of the trial court the previous appeal, as the cited opinion clearly states, did not establish that plaintiffs' other claims are unsupportable by proof and thus devoid of merit; it established only that plaintiffs were not entitled to a preliminary injunction because they had not shown that in the trial they can *probably* establish the partner-

ship rights upon which their several claims rest. Thus, though plaintiffs' ability to prove their case was judicially doubted their inability to do so was not judicially determined. *Second,* under our law, as our Courts have stated too many times to require a citation of authority, summary judgment is proper only when it clearly and without contradiction appears from the materials considered by the court that no genuine issue of material fact exists; and in this case the only materials considered by the court, the sharply conflicting pleadings of the parties, instead of eliminating all material factual issues or establishing an insurmountable bar to plaintiffs' case, raise several genuine issues of material fact that must be adjudicated in some approved manner. Thus, we vacate the order appealed from and remand the case for such adjudication.

Vacated and remanded.

Judges COZORT and GREENE concur.