JOHN A. MILLER, PLAINTIFF v. SWANN PLANTATION DEVELOPMENT COMPANY, INCORPORATED; SWANN ENTERPRISES, INC.; J. C. REYNOLDS, JR., DEFENDANTS

No. 905SC586

(Filed 15 January 1991)

**Appeal and Error § 121 (NCI4th) — partial summary judgment — no immediate appeal**

An order granting partial summary judgment for plaintiff on his claim for an access easement across defendants' land to a river and leaving other claims unresolved did not affect a substantial right and was thus not immediately appealable since the record fails to show that defendants will be permanently harmed by allowing plaintiff to use the access easement until final judgment.

**Am Jur 2d, Appeal and Error § 104.**

APPEAL by defendants from judgment entered 14 March 1990 by *Judge E. Lynn Johnson* in PENDER County Superior Court. Heard in the Court of Appeals 5 December 1990.

On 8 July 1988, plaintiff John Miller filed a civil action against defendants Swann Plantation Development Co., Inc., Swann Enterprises, Inc., and J. C. Reynolds, Jr. Plaintiff asserted claims for slander of title, specific performance, sums due pursuant to contract, an access easement across defendant's property and malicious prosecution. A counterclaim is also pending and unresolved. The only issue on appeal, however, is plaintiff's claim for the access easement to the Northeast Cape Fear River running across defendants' property.

*Erdman, Boggs & Harkins, by Harry H. Harkins, Jr., for plaintiff appellee.*

*Biberstein & Sowers, by R. V. Biberstein, Jr., for defendant appellants.*

ARNOLD, Judge.

The order appealed from granted plaintiff partial summary judgment on only one of the claims for relief. Plaintiff argues on appeal that the order is interlocutory and not appealable at this time. We agree.

MILLER v. SWANN PLANTATION DEVELOPMENT CO.

[101 N.C. App. 394 (1991)]

The analysis to determine whether an order from which an appeal has been taken is immediately appealable involves answering three questions. *See Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E.2d 240 (1980). The first is whether the order is a final judgment, that is, whether it is the final determination of the cause as to all parties and claims in the action. *See* N.C. Gen. Stat. § 7A-27(b) and (c) (1989). Appeal from a final judgment, of course, is the most common means of perfection. In this case, however, a final determination as to all claims clearly has not been made.

Nevertheless, appeal from an order concerning a claim in an action that involves other unresolved claims may still be appealable if the requirements of N.C. Gen. Stat. § 1A-1, Rule 54(b) (1990) have been met. To qualify for appeal under Rule 54(b), the judgment must be: (1) final as to one or more of the claims or parties; and (2) certified for appeal by the trial court. The trial court must determine in the judgment that "there is no just reason for delay" in appealing the order. G.S. § 1A-1, Rule 54(b). The order below was not certified and thus is not immediately appealable under Rule 54(b).

Finally, there are exceptions to the Rule 54(b) procedure for appeal of an order, which are set forth in N.C. Gen. Stat. § 1-277 (1983) and G.S. § 7A-27(d). None of these exceptions apply here, except possibly whether the decree involves a substantial right that would be lost, prejudiced, or less than adequately protected if an immediate appeal is not permitted. *See* G.S. § 1-277(a); G.S. § 7A-27(d)(1); *J & B Slurry Seal Co. v. Mid-South Aviation*, 88 N.C. App. 1, 362 S.E.2d 812 (1987).

The appealability of interlocutory orders pursuant to the substantial right exception is determined by a two-step test. *Goldston v. American Motors Corp.*, 326 N.C. 723, 392 S.E.2d 735 (1990). "[T]he right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment." *Id.* at 726, 392 S.E.2d at 736.

The substantial right test is "more easily stated than applied." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). And such a determination "usually depends on the facts and circumstances of each case." *Estrada v. Jaques*, 70 N.C. App. 627, 642, 321 S.E.2d 240, 250 (1984). Defendants here

argue "it would seem undeniable" that an order disposing of one's property rights also affects a substantial right. We disagree.

The "right" contested here is the use or nonuse of an easement. We simply fail to see how defendants' claimed right to hold title to the property free from this encumbrance "will clearly be lost or irremediably adversely affected" if the order is not reviewed before final judgment. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983). Nothing in the facts indicate that allowing plaintiff use of this easement until final judgment will permanently harm defendants. The record contains no allegations that plaintiff plans to alter or damage the easement, which is the only possible lasting harm we can envision that might occur by waiting. Furthermore, any damage to the easement or defendants' property resulting from plaintiff's use during this period can be rectified later by monetary damages if necessary.

Accordingly, defendants' appeal is dismissed.

Dismissed.

Judges EAGLES and PARKER concur.