## SNYDER v. FIRST UNION NATIONAL BANK

[122 N.C. App. 101 (1996)]

WAYNE ROY SNYDER and wife, DENISE JOANNE SNYDER, Plaintiffs v. FIRST UNION NATIONAL BANK OF FLORIDA and WILLIAM F. POTTS, JR., AS TRUSTEE, Additional Defendants and ALFRED T. HUMBLES and wife, BETTY R. HUMBLES, Defendants and Third Party Plaintiffs v. LUCILLE B. JEFFERSON, widow, ERNEST T. JEFFERSON and wife, LYNN F. JEFFERSON, Third Party Defendants

No. COA95-411

(Filed 19 March 1996)

## Appeal and Error § 119 (NCI4th)— fewer than all issues resolved—appeal interlocutory

Defendants' appeal was dismissed as interlocutory where plaintiffs filed suit alleging that they were entitled to an easement and right of way over the roads and streets as shown on the various maps in their chain of title and that defendants wrongfully blocked their access and use of the roads; the trial court granted partial summary judgment on the issue of liability in favor of plaintiffs and set the damages action for hearing; and allowing plaintiffs to use an easement until a final judgment has been made would not permanently harm plaintiffs.

**Am Jur 2d, Judgments §§ 55, 203; Summary Judgment § 42.**

**Appealability of order dismissing counterclaim. 86 ALR3d 944.**

Appeal by defendants Humbles from Order entered 14 December 1994 by Judge Samuel G. Grimes in Beaufort County District Court. Heard in the Court of Appeals 25 January 1996.

*Carter, Archie and Hassell, by Thomas E. Archie, for plaintiffs-appellees Synder.*

*Wayland J. Sermons, Jr., P.A., by Wayland J. Sermons, Jr., for defendants-appellants Humbles.*

JOHNSON, Judge.

E.S. Jefferson and wife Lucille Jefferson acquired a tract of property prior to 1953 on the Pungo River in Eastern Beaufort County. They proceeded to have a survey map prepared by H.L. Rayburn, dated 21 September 1953, which set forth the first 42 lots, bounded by a 25 foot property road. This map was recorded in Map Book 8, Page

55. Thereafter, Mr. Jefferson proceeded to convey various lots according to this map. He also began to convey lots which were not located on the map, by Deeds which contained maps within the Deeds themselves. Some of these Deeds contained maps prepared by surveyors, but the large majority of the lots sold were done pursuant to crude handwritten drawings made by Mr. Jefferson himself.

The area of concern, the southern boundary of Lots 74 through 78, was not shown on the subdivision map of the Jefferson property recorded in Beaufort County, which was shown in Exhibit 1 and recorded in Map Book 8, Page 55 of the Beaufort County Registry. There are several maps of the Jefferson property designated as Pungo Shores that are attached to the various Deeds that are Exhibits 2 through 20, 22 and 24. Exhibit 2 is by a registered surveyor and is for Lots 74 and 75 of Pungo Shores. It shows a 60 foot "new or back road" that extends behind Lots 74 and 75. It is referred to as a "New Road," with the width not shown, as "60 Foot Road," with "28 Foot Present" and "32 Foot Projected" and also shown as ending at a point prior to plaintiffs' lots. The original option contract from Ernest Jefferson and wife to defendants Humbles refers to the beginning point as being Lot 74 on a Map in Book 714, at Page 142 of the Beaufort County Registry. This is a map of Pungo Shores Subdivision that is a part of Exhibit 24. Lot 74 is also the same lot that is shown on the survey attached to Exhibit 2.

On 5 October 1978, defendants Humbles purchased a 7.6246 acre tract from Ernest S. Jefferson and wife Lucille B. Jefferson, and Ernest T. Jefferson and wife Lynn F. Jefferson. Defendants were given a drawing showing the property intended to be conveyed. This drawing was marked "Jefferson Realty Company, Belhaven, N.C. 27810" and indicated no right of way or other roadway to the south of Lot 74 through 78. It did, however, show as "Open" where Lot 79 would be. Before their purchase, defendants caused the property to be surveyed by a registered surveyor. The survey was dated 17 August 1978, and recorded in Plat Cabinet B, Slide 3. This survey showed no road or right of way to the south of Lot 74 through 78. In 1980, defendants sold a 2.02 acre tract in the northeast corner of their 7.6246 acre tract to three individuals.

The deposition of Russell Jefferson and Linwood Respess, together with the affidavits of defendants Humbles and Third Party Defendant Ernest T. Jefferson, established that the area behind Lots 74 through 78 was never opened, had never been used as a roadway,

and that defendants Humbles cleared a portion of the area when they built their cottage on their acreage. This evidence was contradicted by the affidavits of plaintiffs and the depositions of plaintiffs' adjoining land owner, Charles Randall Tyson, and plaintiffs' predecessor in title, Willy T. Baker.

Further, the evidence tends to show that Lots 77 and 78 of the Pungo Shores Subdivision were conveyed by Ernest S. Jefferson and wife to Clifton G. Loy and wife, then to Willie Baker and wife and then to plaintiffs; and that a map of said lots was attached to said Deed. Defendants admit that the these lots were conveyed and that the map is attached to the Deed.

Defendants allege that from their purchase of the property in 1978 until 1992, they had never been approached by anyone, nor had there been any discussion of any 60 foot right of way. In 1992, plaintiffs began talking about an alleged right of way, and began clearing some of the property of defendants behind plaintiffs' and defendants' properties. Defendants asked plaintiffs to stop, and plaintiffs ceased their activities.

Defendants obtained an Owners Policy of Title Insurance from United Title Insurance Company, which contained certain exclusions. The exclusions included "Number 3. Easements or claims of easements," and also specified book and page numbers. Defendants alleged that neither the book nor page numbers are in plaintiffs' chain of title, and defendants were never shown nor aware of any such maps during their purchase; that plaintiffs did not have the title searched for their purchase of Lots 77 and 78 and received no title insurance; and that plaintiffs failed to have a survey done at the time of their purchase.

However, the Deed to Grace C. Whitehurst for Lots 74 and 75 (Appendix 35, Exhibit 2, 1964), the Deed for Lot 71 and 72 to Louise Whitehurst Snowden, and the Deed for Lot 76 to George C. Bailey, Jr. and wife all are in plaintiffs' chain of title and all show a 60 foot road extending behind Lots 74, 75, 76 and 77. The maps attached to Exhibits 2 and 3 are by a registered surveyor. The map attached to the Deed that is Exhibit 6 shows a new road extending behind Lots 59 through 70 and east of Popular Drive, designates the property as part of the second subdivision of E. S. Jefferson Pungo Shores; and refers to Map Book 8, Page 55 of the Beaufort County Registry.

Additionally, all of the Deeds referred to in defendants' title insurance policy are in defendants' chain of title, as are all of the Deeds that are Exhibits 2 through 20, 22 and 24. Further, defendants were informed by their attorney who closed the purchase of their property that "portions of the lands to be conveyed to you and your husband have already been subdivided into lots and would be subject to easements." Furthermore, defendants were again notified by their closing attorney of the exceptions in their title policies and these exceptions were discussed prior to closing. Defendants' title policy disclosed that the easement existed in Book 658, p. 367, App. 57; Book 687, p. 103, App. 72; Book 692, p. 241, App. 78; Book 702, p. 550, App. 88; Book 703, p. 288, App. 90; and Book 714, p. 142, App. 100.

Plaintiffs filed suit alleging that they were entitled to an easement and right of way over the roads and streets as shown on the various maps and that defendants have wrongfully blocked their access and use of these roads. The trial court granted partial summary judgment on the issue of liability in favor of plaintiffs and set the damages action for hearing.

Defendants appeal from the grant of partial summary judgment of the liability claim in favor of plaintiffs. We need not address this issue, however, as an appeal from a grant of partial summary judgment is interlocutory, and defendants have not shown this Court that a substantial right will be affected if they are not allowed to immediately appeal. *See Miller v. Swann Plantation Development Co.*, 101 N.C. App. 394, 399 S.E.2d 137 (1991).

"A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). The purpose of this rule is to prevent fragmentary, premature and unnecessary appeals by allowing the trial court to make a final determination on the merits prior to being presented to the appellate courts. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 444 S.E.2d 252 (1994).

This Court has held that allowing plaintiff to use an easement until a final judgment had been made would not permanently harm defendants, and that any damage to the easement or defendants' property which results from plaintiffs' use could be rectified by monetary damages if necessary. *Miller*, 101 N.C. 394, 399 S.E.2d 137. Thus, any possible alteration of the 60 foot area by plaintiffs Synder in this action would not affect a substantial right.

Therefore, we dismiss defendants' appeal as being interlocutory.

Dismissed.

Judges JOHN and SMITH concur.