**McCOLL v. ANDERSON**

[152 N.C. App. 191 (2002)]

JAMES C. McCOLL, Plaintiff v. HENRY L. ANDERSON, JR., and wife, FRANCES W. ANDERSON, Defendants

No. COA01-1089

(Filed 6 August 2002)

**1. Appeal and Error; Easements— appealability—servient holder blocking dominant use—denial of preliminary injunction**

An appeal from the denial of a preliminary injunction was dismissed as interlocutory where plaintiffs held an easement across defendants' property for a driveway, defendants built a new driveway without plaintiffs' consent, and plaintiffs sought to prevent the blocking of the original driveway. There is no per se deprivation of a substantial right where the servient estate holder obstructs an easement and it cannot be concluded that these plaintiffs will be irreparably injured pending a determination of the merits.

**2. Appeal and Error— appealability—pretrial order—applicable law**

An appeal from a pretrial order that the law to be applied upon the trial of an easement dispute was the Restatement of Property was premature where defendants raised defenses that could bar plaintiffs' claim.

Appeal by plaintiff from order entered 30 May 2001 by Judge James L. Baker, Jr. in Watauga County Superior Court. Heard in the Court of Appeals 15 May 2001.

*Clement & Yates, by Charles E. Clement; and Moore & Van Allen, PLLC, by George V. Hanna, III, for plaintiff-appellant.*

*Anderson, Daniel & Coxe, by Bradley A. Coxe; and Di Santi, Watson & Capua, by Anthony S. Di Santi, for defendants-appellees.*

WALKER, Judge.

Plaintiff appeals from an order denying his motion for a preliminary injunction. The relevant facts are as follows: Plaintiff and defendants are the owners of adjoining tracts of property located in the Reed Subdivision in Blowing Rock. Pursuant to the deeds within

the parties respective chains of title, defendants' property is subject to an easement for a driveway which provides plaintiff with access from his property to U.S. Highway 321 (Highway 321). In October of 1999, without plaintiff's consent, defendants constructed a new driveway which provides plaintiff with a different access to Highway 321.

On 3 July 2000, plaintiff initiated this action seeking: (1) an injunction restraining defendants from blocking plaintiff's use of the original driveway, (2) a declaratory judgment declaring that plaintiff, his heirs and assigns have a permanent right to the use and enjoyment of the original driveway and (3) compensatory and punitive damages. Thereafter, plaintiff moved the trial court for a preliminary injunction, enjoining defendants from interfering with his use of the original driveway. In an affidavit attached to the motion, plaintiff stated that the new driveway "increases the risk of collision" when accessing Highway 321 and that during the winter months the new driveway is "dangerous and inconvenient."

After hearing from the parties, the trial court denied plaintiff's request for a preliminary injunction. In its order, the trial court found that plaintiff's property is the dominant estate and that defendant's property is the servient estate. However, it concluded that plaintiff had failed to show a likelihood of success on the merits or that he was likely to sustain irreparable harm unless a preliminary injunction was issued. The trial court further concluded that "[i]n the event this case is submitted to a jury, a portion of the jury instructions shall be based upon the Restatement of Property, 3d, § 4.8(3)."

[1] We first address defendants' motion to dismiss plaintiff's appeal as interlocutory. By order dated 5 March 2002, this Court initially denied defendants' motion; however, for the foregoing reasons, we withdraw said order. "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). Generally, there are only two methods by which an interlocutory order may be appealed: (1) certification by the trial court pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), or (2) " 'if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.' " *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 141, 526 S.E.2d 666, 669 (2000) (*quoting Bartlett v. Jacobs*, 124 N.C. App. 521, 524, 477 S.E.2d 693, 695 (1996), *disc. rev. denied*, 345 N.C. 340, 483

## McCOLL v. ANDERSON

[152 N.C. App. 191 (2002)]

S.E.2d 161 (1997)); *see also* N.C. Gen. Stat. § 1-277(a) and N.C. Gen. Stat. § 7A-27(d)(1) (2001). Here, the parties agree the trial court's order denying plaintiff's request for a preliminary injunction is interlocutory. Additionally, the trial court has not certified the order pursuant to Rule 54(b). Nevertheless, plaintiff contends the order denies him of a substantial right which requires our immediate review.

The " 'substantial right' test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). Despite the case-by-case approach to the substantial rights test, our Supreme Court has identified two general criteria for determining whether an appeal from an interlocutory order is warranted: (1) "the right itself must be substantial" and (2) "the deprivation of that substantial right must potentially work injury to [the party] if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). Adherence to these criteria promotes the efficient functioning of the appellate process by eliminating "the unnecessary delay and expense of repeated fragmentary appeals" and allowing the presentation of "the whole case for determination in a single appeal . . . ." *Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951).

Plaintiff maintains our review of the trial court's order is necessary at this stage because: (1) the location of the new driveway is "neither convenient nor safe" and, consequently, "has caused plaintiff immediate and irreparable injury," and (2) the trial court's conclusion that at trial the jury instructions shall be based upon the Restatement of Property, 3d, § 4.8(3) prevents him from having "a trial in which the trial court is free to apply proper North Carolina law."

Our courts have held that an appeal from an interlocutory order involving access to an easement ordinarily does not implicate a substantial right. *See Pruitt v. Williams*, 288 N.C. 368, 218 S.E.2d 348 (1975); and *Miller v. Swann Plantation Dev. Co.*, 101 N.C. App. 394, 399 S.E.2d 137 (1991). In *Pruitt*, the plaintiffs sought a preliminary and permanent injunction restraining the defendants from obstructing a road over the defendants' property in which the plaintiffs claimed a prescriptive easement. Thereafter, the trial court issued a preliminary injunction ordering the defendants to leave the road unobstructed until a final determination of the action. Our Supreme

Court found "there is no evidence that shows a reasonable probability that defendants will incur the loss of a substantial right by the granting of the preliminary injunction unless reviewed before final judgment," and it concluded that the appeal should have been dismissed. *Pruitt*, 288 N.C. at 374, 218 S.E.2d at 352.

In *Miller*, the trial court granted the plaintiff a partial summary judgment entitling him to continue to make use of an easement across the defendant's property. The defendants argued " 'it would seem undeniable' that an order disposing of one's property rights also affects a substantial right." This Court disagreed, noting that:

> We simply fail to see how defendants' claimed right to hold title to the property free from this encumbrance "will clearly be lost or irremediably adversely affected" if the order is not reviewed before final judgment. Nothing in the facts indicate that allowing plaintiff use of this easement until final judgment will permanently harm defendants. The record contains no allegations that plaintiff plans to alter or damage the easement, which is the only possible lasting harm we can envision that might occur by waiting. Furthermore, any damage to the easement or defendants' property resulting from plaintiff's use during this period can be rectified later by monetary damages if necessary.

*Miller*, 101 N.C. App. at 395-96, 399 S.E.2d at 138-39. (citations omitted).

Plaintiff maintains that *Pruitt* and *Miller* are distinguishable from the instant case in light of the fact that in those cases the trial court had issued an interlocutory order in favor of the dominant estate holders and the servient estate holders had appealed. In each case, the trial court's holding was based on the servient estate holders' failure to present sufficient evidence demonstrating how the continued use of the easement pending a final judgment would deprive the dominant estate holders of a substantial right. *See Pruitt*, 288 N.C. at 374, 218 S.E.2d at 352; and *Miller*, 101 N.C. App. at 396, 399 S.E.2d at 139. In contrast, here the trial court issued an interlocutory order in favor of the servient estate holder and the dominant estate holder has appealed.

We reject plaintiff's assertion that where a servient estate holder obstructs an easement, the dominant estate holder has *per se* been deprived of a substantial right. Indeed, the ultimate questions here are: (1) whether plaintiff is deprived of a substantial right by defend-

McCOLL v. ANDERSON

[152 N.C. App. 191 (2002)]

ants in denying him use of a particular section of defendants' property to access Highway 321 pending trial, and (2) whether defendants' construction and plaintiff's use of a new driveway injure plaintiff in such a manner as to require this Court's immediate review of the trial court's order.

Based on our careful review of the record, we cannot conclude that plaintiff will be irreparably injured pending a determination of the case on its merits. Furthermore, any damages which plaintiff may incur during this period, by reason of his having to use the new driveway rather than the old driveway, can later be rectified through monetary damages as well as other remedies.

[2] Alternatively, plaintiff maintains the trial court erroneously concluded the Restatement of Property, 3d, § 4.8(3) was the law to be applied upon the trial of the case, thereby irreparably affecting his "right to a trial based on the proper North Carolina law." Our review of the case law indicates that the Restatement of Property, 3d, § 4.8(3) has not been adopted by our courts as controlling authority. *See Hedrick v. Rains*, 344 N.C. 729, 477 S.E.2d 171, 172 (1996) (*per curiam*) ("Except as specifically adopted in this jurisdiction, the Restatement should not be viewed as determinative of North Carolina law"). However, the parties' pleadings show that defendants have raised several affirmative defenses including laches, waiver and estoppel. As defendants' success on any one of these defenses could effectively bar plaintiff's claim, it is premature for us to consider the merits of plaintiff's appeal.

We conclude the trial court's order denying plaintiff's motion for a preliminary injunction does not deprive plaintiff of a substantial right. Defendants' motion to dismiss plaintiff's appeal is granted. We note that plaintiff has petitioned for a writ of certiorari; however, for the reasons stated, we deny the petition. Accordingly, plaintiff's appeal is hereby

Dismissed.

Judges McCULLOUGH and BRYANT concur.