JOHN ROBERT CARSON
v.
RANDY BLAKE GOODMAN
No. COA09-574.
Court of Appeals of North Carolina.
Filed January 5, 2010.
This case not for publication
Robert E. Campbell for Plaintiff-Appellee.
Eisele, Ashburn, Greene & Chapman, P.A., by John D. Greene, for Defendant-Appellant.
McGEE, Judge.
Plaintiff filed a complaint on 11 October 2005, in which he alleged that he "is the owner and holder of a life estate interest in and to certain real property containing 60.85 acres, more or less, located in Gwaltneys Township, Alexander County, North Carolina" and that Defendant "is the owner and holder of the remainder interest in the [real] [p]roperty." Plaintiff further alleged that Defendant has resided on the property with Plaintiff's consent as a tenant at will; that Plaintiff has directed Defendant to quit his possession of the property and remove himself, his property, and his possessions therefrom; and that Defendant has failed to vacate the property. Plaintiff asserted causes of action for eviction and trespass. Plaintiff asserted two other causes of action for conversion of personal property and for imposition of a constructive trust arising out of the purchase of a truck on Defendant's behalf.
Defendant filed an answer in which he admitted that the deed contained language stating Plaintiff retained a life estate in the real property. Defendant denied that the deed, as recorded, reflected the agreement between the parties. He also admitted that he formerly resided on the property and that he had received notice from Plaintiff to vacate the property. Defendant denied that he converted any of Plaintiff's property to his use. Defendant further alleged that he paid off the loan for the truck and that Plaintiff owes him money for the truck. Defendant asserted a counterclaim alleging causes of action for breach of contract, conversion of timber, reformation of deed, and defamation.
Plaintiff filed a motion for partial summary judgment on his first and second causes of action on 3 January 2006. Plaintiff filed a second motion for partial summary judgment on 11 September 2008 on Defendant's counterclaim asserting a cause of action for reformation of deed. The trial court heard both motions at the 22 October 2008 civil session of court. The trial court filed an order granting Plaintiff's motions for partial summary judgment on 6 February 2009. The trial court ordered Defendant's eviction from the property and dismissed Defendant's counterclaim. Defendant filed notice of appeal from the trial court's order on 11 February 2009.
We first consider whether Defendant's appeal from the order granting partial summary judgment is premature, and therefore, not properly before this Court. "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." N.C. Dept. of Transportation v. Page, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995) (citation omitted). "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." Liggett Group v. Sunas, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993) (citation omitted). A party may immediately appeal an interlocutory order: (1) if there has been a final determination of at least one claim, and the trial court certifies there is no just reason to delay the appeal pursuant to Rule 54(b) of the Rules of Civil Procedure, or (2) "if delaying the appeal will prejudice any substantial rights." Davidson v. Knauff Ins. Agency, 93 N.C. App. 20, 24, 376 S.E.2d 488, 490-91, disc. review denied, 324 N.C. 577, 381 S.E.2d 772 (1989).
In this case, the trial court did not certify the order for immediate appellate review, and thus immediate review is permitted only if the order affects a substantial right.
It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.
Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)(citation omitted). The N.C. Rules of Appellate Procedure require that an appellant's brief include a statement of "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C.R. App. P. 28(b)(4).
Defendant claims the order affects a substantial right because it relates to his "ability to access and use his property[.]" Defendant does not cite any authority for this proposition. Moreover, this Court and our Supreme Court have held in several cases that denial of access to, or use of, real property does not affect a substantial right. See, e.g., McColl v. Anderson, 152 N.C. App. 191, 567 S.E.2d 203 (2002) (order involving access to an easement does not affect a substantial right); Pruitt v. Williams, 288 N.C. 368, 218 S.E.2d 348 (1975) (injunction prohibiting the appellants from obstructing a road over their property did not affect a substantial right); GLYK and Assoc. v. Railway Co., 55 N.C. App. 165, 285 S.E.2d 277 (1981) (preliminary injunction prohibiting the appellant from going onto property the appellant claimed it owned did not affect a substantial right).
We hold the order in the present case does not affect a substantial right. We must dismiss this premature appeal on our own motion. Bailey v. Gooding, 301 N.C. 205, 211, 270 S.E.2d 431, 435 (1980).
Dismissed.
Judges GEER and HUNTER, JR. concur.
Report per Rule 30(e).